IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GIOVONNI THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-3045 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is Petitioner Giovonni Thomas's motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255.

Petitioner's motion is without merit.

I.

The Petitioner pled guilty to Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count I); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count II); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count III).  *See United States v. Giovonni Thomas*, Case Number 10-30046.

1

On September 16, 2011, the Petitioner was sentenced to a total imprisonment term of 192 months, consisting of 132 months as to Count I and 120 months as to Count III, to run concurrently, and 60 months as to Count II, to run consecutively to the terms in Counts I and III. The Petitioner was sentenced under the post-*Booker* advisory Guidelines scheme.

At sentencing, the Petitioner was classified as a career offender, based on prior convictions for crimes of violence which included attempted armed robbery, Sangamon County Circuit Court, Case Number 02-CF-300, and aggravated fleeing/eluding, Sangamon County Circuit Court, Case Number 04-CF-765. The aggravated fleeing/eluding conviction was determined to qualify as a crime of violence based on the residual clause of U.S.S.G. § 4B1.2(a), the career offender guideline.

The Petitioner did not file a direct appeal of his sentence. He has not previously filed a motion to vacate his sentence under 28 U.S.C. § 2255.

On July 14, 2015, the Petitioner filed a motion for appointment of counsel, wherein he requested assistance to challenge his career offender status based on a recent Supreme Court decision. *See United States v. Thomas*, Case Number 10-30046 [Doc. No. 28]. The Court granted [Doc. No. 29] the motion and appointed the Federal Public Defender to assist the Petitioner in determining whether he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), wherein

the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague.

The Seventh Circuit later held that *Johnson* announced a new substantive rule of constitutional law, which the Supreme Court has made retroactive to final convictions. *See Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015).

The Petitioner's motion to vacate sentence was filed on February 24, 2016. The Government filed a response and the Petitioner filed a reply. Subsequently, the Petitioner sought leave to file a pro se response.

The Petitioner contends that he should not have been sentenced as a career offender. If the Petitioner had not qualified as a career offender, his guideline range would have been significantly lower.

## II.

The Supreme Court's holding in *Johnson* that the residual clause of the ACCA is unconstitutionally vague did not address the identically worded residual clause of the career offender guideline. At the time the Petitioner filed his motion, therefore, it was uncertain whether the same rule would apply to those who qualified as career offenders because of the residual clause of the career offender guideline.

In his motion, the Petitioner notes that the Seventh Circuit has found that an Illinois conviction for aggravated fleeing/eluding only qualifies as a crime of

violence under the residual clause. *See Welch v. United States*, 604 F.3d 408, 425-26 (7th Cir. 2010). Moreover, this Court relied at sentencing upon the Supreme Court's opinion in *Sykes v. United States*, 564 U.S. 1 (2011), in support of its finding that that Petitioner's fleeing and eluding conviction was a crime of violence. In *Johnson*, the Supreme Court overruled *Sykes* when it found the ACCA's residual clause void for vagueness. 135 S. Ct. 2562-63.

At the time of briefing, the Petitioner asserted logically that *Johnson*'s holding as to the ACCA applies with equal force to the identical residual clause of the career offender guideline. In its response, the Government agreed that *Johnson*'s holding that the ACCA's residual clause is invalid applies to the identically worded residual clause in the career offender guideline. However, the Government contended at the time that *Johnson* does not apply retroactively on collateral review of guidelines sentences.[1]

After the briefing was completed in this case, the United States Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court held that the rule in *Johnson* that the residual clause in the ACCA was unconstitutionally vague does not apply to the Guidelines' residual clause because

---

[1] The Government also contended that the Petitioner had procedurally defaulted his claim for failing to raise it on direct appeal. In his reply, the Petitioner states that based on the law at the time, an appeal would have been frivolous. Accordingly, he should not be penalized for failing to raise the issue on appeal.

the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. *See id*. at 890.

*Beckles* was decided on March 6, 2017. Prior to that decision, the Seventh Circuit held in *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) that vagueness challenges against the guidelines were permissible. *See id*. at 725. The Supreme Court in *Beckles* overruled *Hurlburt*. *See United States v. Cook*, 850 F.3d 328, 333 (7th Cir. 2017) ("This week, the Supreme Court overturned that decision, holding that 'the Guidelines are not subject to a vagueness challenge under the Due Process Clause.'"). Accordingly, the Petitioner's vagueness challenge to the residual clause of the career offender guideline fails.

The Petitioner's § 2255 petition depends on the premise that the advisory Guidelines may be attacked as unconstitutionally vague. The Supreme Court has now determined that the reasoning of *Johnson* does not extend to the career offender guideline's residual clause (or any other allegedly vague guideline provision). Because the Petitioner's argument that the guidelines are unconstitutionally vague has now been rejected, the Court will deny the § 2255 motion.

Based on the foregoing, the Court will deny the Petitioner's § 2255 motion. The Court need not address the Government's alternative arguments regarding procedural default.

5

The Petitioner filed a pro se motion for leave to file a supplemental brief pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Mathis* was not declared retroactive by the Supreme Court and it did not announce a new rule of constitutional law. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Consequently, *Mathis* did not start a new statute of limitations under 28 U.S.C. § 2255(f)(3) and does not prevent the Petitioner's motion from being time-barred. The Court need not address the holding of *Mathis* because it is apparent the Petitioner's claim is untimely. Accordingly, the Court will deny the Petitioner's motion for leave to file a supplement.

## III.

The Court concludes that, following the Supreme Court's decision in *Beckles*, the issue of whether the advisory guidelines may be attacked as unconstitutionally vague is no longer one that reasonable jurists might debate. Accordingly, the Court declines to grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

Ergo, the Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. §2255 [d/e 1] is DENIED.

The Petitioner's Motion for Leave to File a Supplemental Motion under §2255 [d/e 8] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the

Court declines to grant a certificate of appealability regarding whether vagueness challenges may be raised against the post-*Booker*, advisory Guidelines.

The Clerk will enter Judgment and terminate this case.

ENTER: June 26, 2018

FOR THE COURT:

 /s/ *Richard Mills*
Richard Mills
United States District Judge